IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PATRICIA HOOPER and JOSEPHINE VAUGHAN, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.08-4045-cv-c-NKL |
| v. | ) ) | |
| ADVANCE AMERICA, CASH ADVANCE CENTERS OF MISSOURI, INC., | ) ) ) | |
| Defendant | | |

**SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Dated: April 30, 2008

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT
Kurt D. Williams     MO BAR # 36957
Timothy R. West     MO BAR # 52187
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:     816-561-7007
Facsimile:     816-561-1888
Email:     kwilliams@bowse-law.com
                twest@bowse-law.com


SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Phillip Stano, admitted *pro hac vice*
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone:     202-383-0100
Facsimile:     202-637-3593
Email:     lewis.wiener@sablaw.com
                phillip.stano@sablaw.com

**Attorneys for Defendant Advance America, Cash Advance Centers of Missouri, Inc.**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. DISCUSSION .......................................................................................................2

    A. The Court Should Dismiss Count I of the Complaint for
       Lack of Subject Matter Jurisdiction. .................................................................2

        1. Legal Standard for a Rule 12(b)(1) Motion to Dismiss .........................2

        2. The Court Does not Have Jurisdiction to Adjudicate
           Count I of the Complaint Seeking a Declaratory
           Judgment Pursuant to the Missouri Declaratory Judgment Act.............2

    B. The Court Should Dismiss the Complaint for Failure to
       State a Claim Upon Which Relief can be Granted. ..........................................3

        1. Legal Standard for a 12(b)(6) Motion to Dismiss..................................3

        2. Plaintiffs' Declaratory Judgment Action Pursuant
           to the Missouri Declaratory Judgment Act Fails
           to State a Claim Upon Which Relief can be Granted. ...........................4

        3. The Missouri Merchandising Practices Act Does
           not Apply to Advance America. ............................................................4

        4. Plaintiffs Misinterpret Mo. Rev. Stat. § 408.500.6
           as Requiring Six Principal Reduction Renewals. ..................................5

        5. Plaintiffs' "Missouri Interest Rate Cap" Claim is
           Contrived and Fails to State a Claim Upon Which
           Relief can be Granted.............................................................................7

        6. Plaintiffs Misconstrue New Loans as Renewals....................................7

        7. Plaintiffs Have not Shown That Advance America
           Failed to Consider Their Ability to Repay the Loans. ...........................8

        8. Plaintiffs Have not Plead Sufficient Facts to Show
           that the 75% Total Interest Cap was Exceeded...................................10

III. CONCLUSION...................................................................................................11

# TABLE OF AUTHORITIES

**CASES:**

*ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir. 1994) .................................................................. 9

*Ashley v. United States Department of Interior*, 408 F.3d 997 (8th Cir. 2005) .............................. 3

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ..................................................... 3, 6, 7, 10

*Cohen v. United States*, 129 F.2d 733 (8th Cir. 1942) ..................................................................... 9

*Concord Publishing House, Inc. v. Director of Revenue*, 916 S.W.2d 186 (Mo. 1996) ................. 6

*Coulter Corp. v. Leinert*, 869 F. Supp. 732 (E.D. Mo. 1994) .......................................................... 4

*Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) .................................................................................... 3-4

*National Rail Road Passenger Corp. v. Consolidated Rail Corp.*, 670 F. Supp. 424 (D. D.C. 1987) ............................................................................................................................................ 3

*Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998) ........................................................................................................................................... 9

*Osborn v. United States*, 918 F.2d 724 (8th Cir.1990) .................................................................... 2

*Osterberger v. Hites Construction Co.*, 599 S.W.2d 221 (Mo. Ct. App. 1980) ............................ 10

*Papasan v. Allain*, 478 U.S. 265 (1986) .......................................................................................... 3

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .................................................. 9

*State ex rel. Broadway-Washington Associates, Ltd. v. Manners,* No. SC 87121, 2006 WL 696529 (Mo. Mar. 21, 2006) ..................................................................................................... 6

*State ex rel. Director of Revenue v. Scott*, 919 S.W.2d 296 (Mo. Ct. App. 1996) .......................... 6

*State ex rel. Pemiscot County v. Western Surety Co.*, 51 F.3d 170 (8th Cir. 1995) ........................ 2

*Taylor v. State,* No. SC 88559, 2008 WL 712736 (Mo. Mar. 18, 2008) ......................................... 3

*Titus v. Sullivan*, 4 F.3d 590 (8th Cir.1993) .................................................................................... 2

*Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868 (8th Cir. 2002) ..................................................... 8

**STATUTES AND RULES:**

28 U.S.C. § 1404(a) ...................................................................................................................1

Mo. Rev. Stat. § 407.010, *et seq* ..........................................................................................2, 4

Mo. Rev. Stat. § 407.020.2(2)......................................................................................................5

Mo. Rev. Stat § 408.500, *et seq* ...........................................................................................5, 8

Mo. Rev. Stat. § 408.500.1 ..........................................................................................................5

Mo. Rev. Stat. § 408.500.6 ..............................................................................................2, 5, 6, 7

Mo. Rev. Stat. §408.500.7 ....................................................................................................2, 8-9

Mo. Rev. Stat. § 408.500.9 ..........................................................................................................5

Mo. Rev. Stat. § 408.500.10 ........................................................................................................5

Mo. Rev. Stat. § 408.505 .............................................................................................................8

Mo. Rev. Stat. § 408.505.3 .............................................................................................2, 7, 10

Mo. Rev. Stat. § 408.505.4 .........................................................................................................8

Mo. Rev. Stat. § 527.010 ....................................................................................................2-3, 4

FED. R. CIV. P. 8(a)(2) ................................................................................................................3

FED. R. CIV. P. 10(c).....................................................................................................................9

FED R. CIV. P. 12(b)(1).................................................................................................1, 2, 4, 11

FED. R. CIV. P. 12(b)(6)..................................................................................................... *passim*

## I. INTRODUCTION

Defendant Advance America, Cash Advance Centers of Missouri, LLC ("Advance America") hereby submits its Suggestions in support of Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

In 2006 and 2007, respectively, Josephine Vaughan and Patricia Hooper each entered into a series of Customer Loan Agreements ("Agreements") with Advance America. *See* Compl. ¶¶ 1-3, 7-9. Under the terms of each Agreement, Plaintiffs entered into short-term, unsecured transactions in return for the payment of stated fees and finance charges. The Agreements contain, among other things, a mandatory Arbitration Provision requiring the parties to arbitrate all claims relating to or arising from the Agreement.

On March 10, 2008, in contravention of the Arbitration Provision, Plaintiffs filed a Complaint against Advance America.[1] The Complaint: (1) requests a declaration that the Arbitration Provision in each Plaintiff's Agreements is unconscionable and against Missouri public policy, and therefore unenforceable; and (2) alleges violations of the Missouri

---

[1] Prior to the filing of this case, on August 6, 2007, Plaintiffs' counsel filed a nearly identical complaint, styled as *Williams v. Advance America*, in the Circuit Court of Cole County, Missouri. On September 14, 2007, Advance America removed the *Williams* case to the District Court for the Western District of Missouri, which encompasses Cole County. In the Western District, the case was assigned to Judge Laughrey. On September 20, 2007, Advance America moved for a change of venue to the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404(a), on the grounds that the action arose in the Eastern District and witnesses, documents, and counsel for the *Williams* plaintiffs were located there. On November 8, 2007, this Court granted Advance America's Motion for Change of Venue to the Eastern District of Missouri. On November 15, 2007, counsel for the *Williams* plaintiffs voluntarily dismissed the *Williams* complaint without prejudice, only to refile this nearly identical case five months later, substituting different putative class representatives for the original plaintiffs.

Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*, and Mo. Rev. Stat. §§ 408.500.6, 408.500.07, and 408.505.3.

For the reasons stated herein, the Court should dismiss each of Plaintiffs' claims.

## II. DISCUSSION

### A. The Court Should Dismiss Count I of the Complaint for Lack of Subject Matter Jurisdiction.

#### 1. Legal Standard for a Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) permits a party to move for a dismissal based on a court's lack of subject matter jurisdiction to hear the case. FED. R. CIV. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the issue before the court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement. *State ex rel. Pemiscot County v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged, either on its face, or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Moreover, the plaintiff has the burden of proof that jurisdiction does in fact exist. *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Because Plaintiffs have not and cannot meet their burden of proof that jurisdiction exists, Count I of the Complaint should be dismissed.

#### 2. The Court Does not Have Jurisdiction to Adjudicate Count I of the Complaint Seeking a Declaratory Judgment Pursuant to the Missouri Declaratory Judgment Act.

Relying on the Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.010, Plaintiffs request in Count I a "declaratory judgment, adjudicating, and declaring that Defendant's mandatory arbitration clause and waiver of class action rights is procedurally and substantively unconscionable, against Missouri public policy and unenforceable under Missouri law." Compl. ¶ 66. Jurisdiction to resolve claims brought pursuant to the Missouri Declaratory Judgment Act rests exclusively with the Missouri circuit courts, which have the power to "declare rights, status

and other legal relations;" the Missouri Act does not vest jurisdiction over such claims in the federal courts. Mo. Rev. Stat. § 527.010; s*ee also Taylor v. State*, No. SC 88559, 2008 WL 712736, at *3 n.2 (Mo. Mar. 18, 2008) (holding Missouri Declaratory Judgment act vests the Missouri circuit courts with the power to issue declaratory judgments); *Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 670 F. Supp. 424, 429 (D. D.C. 1987) (holding even when the case is heard pursuant to diversity jurisdiction, federal law determines whether a federal court may properly render a declaratory judgment). Accordingly, this Court does not have subject matter jurisdiction to adjudicate Count I and Plaintiffs have failed to state a claim upon which relief can be granted. Count I must, therefore, be dismissed.

### B.  The Court Should Dismiss the Complaint for Failure to State a Claim Upon Which Relief can be Granted.

#### 1.  Legal Standard for a 12(b)(6) Motion to Dismiss

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must satisfy the threshold pleading requirements of Rule 8(a)(2); namely a "plain statement of the claim showing the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding, on a motion to dismiss, that courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")); *Ashley v. United States Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005) (same). An adequately stated claim requires enough factual matter "to raise a right to relief above the speculative level," thereby rendering the claim "plausible" as opposed to merely "possible." *Bell Atlantic Corp.*, 127 S.Ct. at 1965; *see also*

3

*Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("The complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.").

When adjudicating a 12(b)(6) motion to dismiss, courts may interpret the plain language of a statute to determine if the plaintiff has plead sufficient facts to state a claim under that statute. *See, e.g., Coulter Corp. v. Leinert*, 869 F. Supp. 732 (E.D. Mo. 1994) (granting in part motion to dismiss based on court's interpretation of the Uniform Trade Secrets Act). There is a dearth of case law construing the terms of the various statutes that form the backbone of Plaintiffs' Complaint. Nevertheless, as shown below, based on the language of the statutes cited by Plaintiffs, the documents referenced in Plaintiffs' Complaint, and accepting the allegations of the Complaint as true, Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(6).

### 2. Plaintiffs' Declaratory Judgment Action Pursuant to the Missouri Declaratory Judgment Act Fails to State a Claim Upon Which Relief can be Granted.

As stated above, Count I, requesting a declaratory judgment based on the Missouri Declaratory Judgment Act, should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In the alternative, Count I fails to state a claim upon which relief can be granted because the Missouri Declaratory Judgment Act does not give the federal courts the power to declare the parties' rights and legal relationships. *See* Mo. Rev. Stat. § 527.010. As such, Count I should be dismissed pursuant to Rule 12(b)(6).

### 3. The Missouri Merchandising Practices Act Does not Apply to Advance America.

In Count II, Plaintiffs allege violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat § 407.010 *et seq.* Plaintiffs' claims based upon the MMPA must be dismissed because the Act does not apply to Advance America. Subject to certain exceptions

inapplicable here, the MMPA does not apply to "[a]ny institution or company that is under the direction and supervision of the . . . director of the division of finance. . . ." Mo. Rev. Stat. § 407.020.2(2). Taking the allegations of the Complaint as true, Advance America operates pursuant to Mo. Rev. Stat § 408.500 *et seq*. Compl. ¶ 1. Businesses operating under Section 408.500 must "obtain a license from the director of the division of finance." Mo. Rev. Stat. § 408.500.1. The director of the division of finance supervises Advance America through licensing and regulatory enforcement. *Id.* §§ 408.500.9-10. Accordingly, Advance America conducts business "under the direction and supervision of the . . . director of the division of finance" and is not subject to the MMPA. *Id.* § 407.020.2(2). Accepting the Complaint's allegations as true, Count II fails to state a claim as a matter of law and should be dismissed.

    **4.    Plaintiffs Misinterpret Mo. Rev. Stat. § 408.500.6 as Requiring Six Principal Reduction Renewals.**

In Count III, Plaintiffs allege incorrectly that Mo. Rev. Stat. § 408.500.6 requires payday lenders to provide customers with a minimum of six, but no more than six, renewals of a loan upon a borrower's request. Compl. ¶¶ 79-91. Plaintiffs argue that because the Agreements with Plaintiffs limit the number of renewals to four, Advance America violated Missouri law. *Id.* at ¶ 86. Plaintiffs' argument is based on a misreading of the following statutory language:

> The lender shall renew the loan upon the borrower's written request and the payment of any interest and fees due at the time of such renewal; however, upon the first renewal of the loan agreement, and each subsequent renewal thereafter, the borrower shall reduce the principal amount of the loan by not less than five percent of the original amount of the loan until such loan is paid in full. However, no loan may be renewed more than six times.

Mo. Rev. Stat. § 408.500.6.

As written in the Complaint, Plaintiffs allege that the term "shall renew" obligates lenders to provide six renewals of a loan upon a borrower's request—no more, no less. Such an interpretation yields an absurd result and fails to state a claim upon which relief can be granted.

5

*Concord Publ'g House, Inc. v. Director of Revenue*, 916 S.W.2d 186, 194 (Mo. 1996) (holding statutes must be given common sense and practical interpretation); *State ex rel. Dir. of Revenue v. Scott*, 919 S.W.2d 296, 301 (Mo. Ct. App. 1996) (holding that the law favors statutory construction that harmonizes with reason and tends to avoid absurd results); *State ex rel. Broadway-Washington Assoc., Ltd. v. Manners*, No. SC 87121, 2006 WL 696529, at *2 (Mo. Mar. 21, 2006) (holding courts may look outside the plain meaning of a statute when the language is ambiguous or would lead to an illogical result).

Employing a logical reading of section 408.500.6, which the Court is permitted to do, the statute plainly provides that a loan may be renewed up to six times but does not require a company to renew a loan six times or prohibit a company from restricting the number of renewals to less than six. Under Plaintiffs' logic, Advance America is obligated to renew a loan exactly six times even if the customer does not qualify for renewal. This interpretation makes no sense. Advance America's alleged failure to renew Plaintiffs' loans six times does not constitute a violation of the statute. As such, accepting the allegations in the Complaint as true, Count III fails to state a claim as a matter of law.

Even if section 408.500.6 did provide that a loan must be renewed six times, Count III must still be dismissed. Plaintiffs have failed to allege that they sustained any actual damage due to the putative limit on renewals. A properly stated claim requires pleading on damages sufficient "to raise a right to relief above the speculative level," thereby rendering the claim "plausible" as opposed to merely "possible." *Bell Atlantic Corp.*, 127 S. Ct. at 1965. Even if the Court were to assume that Advance America violated section 408.500.6, Plaintiffs have not alleged (because they have not sustained) any damages. For the aforementioned reasons, Count III must be dismissed.

### 5. Plaintiffs' "Missouri Interest Rate Cap" Claim is Contrived and Fails to State a Claim Upon Which Relief can be Granted.

In Count IV, Plaintiffs allege that Advance America violated Mo. Rev. Stat. §§ 408.500.6 and 408.505.3—which they label as the "Missouri Interest Rate Cap." Compl. ¶¶ 92-101. Simply put, there is no such thing as a "Missouri Interest Rate Cap." Under Section 408.505.3, lenders, such as Advance America, may charge simple interest at any rate agreed upon by the parties, provided, however, that the total amount of interest and fees does not exceed 75% of the original loan amount.[2] The statute speaks in terms of percentage of total cost to the customer, not in terms of percent interest. So long as the <u>total cost</u> to the borrower is less than 75% of the principal, the interest rate is irrelevant. Violations of Section 408.505.3 are necessarily fact-dependent, and cannot be predicated on a hypothetical number of renewals at assumed rates and fees. Because Plaintiffs have not plead any particularized facts with respect to the percent of total costs paid by Plaintiffs, and have relied instead on generalization and speculation, which even accepted as true fail to state a claim upon which relief can be granted, Count IV should be dismissed. *Bell Atlantic Corp.*, 127 S. Ct. at 1965.

### 6. Plaintiffs Misconstrue New Loans as Renewals.

In Count V, Plaintiffs allege that Advance America violated Mo. Rev. Stat. § 408.500.6 by "renewing" Plaintiffs' loans without reducing the principal balance of the loan as required by Missouri statute. Compl. ¶¶ 104-06. Specifically, Plaintiffs allege that renewals took place

---

[2] Mo. Rev. Stat. § 408.505.3 provides:

> A lender may only charge simple interest and fees in accordance with sections 408.100 and 408.140. No other charges of any nature shall be permitted except as provided by this section, including any charges for cashing the loan proceeds if they are given in check form. However, no borrower shall be required to pay a total amount of accumulated interest and fees in excess of seventy-five percent of the initial loan amount on any single loan authorized pursuant to this section for the entire term of that loan and all renewals authorized by section 408.500 and this section.

when Plaintiffs entered the store and paid the entirety of the loan, but thereafter took out a new loan. *Id.* ¶ 106. The plain language of section 408.505 allows this practice. The statute provides that "[a] loan made pursuant to the provisions of section 408.500 and this section shall be deemed completed and shall not be considered a renewed loan when the lender presents the instrument for payment or the payee redeems the instrument by paying the full amount of the instrument to the lender." Mo. Rev. Stat. § 408.505.4. The statute further provides that "[o]nce the payee has completed the loan, the payee may enter into a new loan with a lender." *Id.* Because Plaintiffs admit that at the time of the alleged renewal, the loans were, in fact, *paid in full*, they have failed to state a claim as a matter of law. Compl. ¶ 106.

Accepting Plaintiffs' factual allegations as true—that loans alleged in the Complaint were repaid in full before Plaintiffs entered into new loans—Plaintiffs have failed to state facts upon which relief may be granted since section 408.505 defines such transactions as new loans and not renewals. Count V should, therefore, be dismissed.

### 7. Plaintiffs Have not Shown That Advance America Failed to Consider Their Ability to Repay the Loans.

In Count VI, Plaintiffs allege that Advance America violated Mo. Rev. Stat. § 408.500.7 when it "failed to obtained [sic] documents allowing Defendant to evaluate the Plaintiffs' or Class Members' ability to repay the renewed loans." Compl. ¶ 115. Here, Plaintiffs' claims are nothing more than legal conclusions. The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In reality, the statute merely provides that "[w]hen making or negotiating loans, a licensee shall <u>consider</u> the financial ability of the borrower to reasonably repay the loan in the time and manner specified in

the loan contract . . ." Mo. Rev. Stat. § 408.500.7 (emphasis added).  Plaintiffs have failed to plead sufficient facts to state a claim under section 408.500.7.

What is clear from the documents attached to the Complaint, is that Plaintiffs signed the Agreements in which they "promise to pay" Advance America the loan amount "plus interest from the date of this Agreement until the payment date set forth in the Payment Schedule." Agreement at 1.  Plaintiffs further warrant that "the account on which the Check is drawn is a legitimate, open and active account." *Id.* "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998); *see also* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); *Cohen v. United States*, 129 F.2d 733, 736 (8th Cir. 1942) ("While the court must accept as true all well pleaded facts, the motion does not admit facts which the court will take judicial notice are not true, nor does the rule apply to legally impossible facts, nor to facts inadmissible in evidence, *nor to facts which appear by a record or document included in the pleadings to be unfounded*." (emphasis added)); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994) (concluding that when documents attached to a complaint contradict the allegations of the complaint, the document controls in a Rule 12(b)(6) motion to dismiss for failure to state a claim); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (same).  By not just considering, but requiring, a documented promise from Plaintiffs that they could repay the loans on the specified dates before officially executing the Agreements through the signature of an Advance America employee and by obtaining proof of employment as a condition for entering into the Customer Agreements, Advance America complied with section 408.500.7.  Moreover, Advance America acted reasonably in relying on

Plaintiffs' representations as assurance of Plaintiffs' ability to repay the loans because Plaintiffs would be committing fraud if they signed the Agreements with knowledge that they could not repay the loans. *Osterberger v. Hites Const. Co.*, 599 S.W.2d 221, 227 (Mo. Ct. App. 1980) ("Upon discovering a fraud which induced a contract, a party may seek to affirm the contract and sue at law for damages, or, he may disaffirm the contract and sue in equity for its rescission.").

For the aforementioned reasons, Plaintiffs have failed to assert any facts which support a claim for relief under Count VI, thus requiring this Court dismiss Count VI pursuant to Rule 12(b)(6).

### 8. Plaintiffs Have not Plead Sufficient Facts to Show that the 75% Total Interest Cap was Exceeded.

In Count VII of the Complaint, Plaintiffs allege that Advance America violated Mo. Rev. Stat. § 408.505.3 when it charged "Plaintiffs and Class over seventy-five percent in interest and fees, based on their initial loan amounts." Compl. ¶ 122. This Count, although effectively the same as Count IV, is added at the end of the Complaint apparently in an attempt to use every possible avenue to avoid dismissal. Like many of the earlier claims, Plaintiffs, have not plead sufficient facts to support Count VII. As noted in section II.B.5., *supra*, under section 408.505.3, lenders such as Advance America, may charge simple interest at any rate agreed upon by the parties provided that the total amount of interest and fees does not exceed 75% of the original loan amount. Mo. Rev. Stat. § 408.505.3. As stated in the discussion of Count IV regarding the alleged "Missouri Interest Rate Cap," there are no allegations in the Complaint regarding the total cost of the interest and fees that Plaintiffs paid to Advance America. Using different words to make a nearly identical allegation as set forth in Count IV does not qualify as pleading particularized facts with respect to the percent of total costs paid by Plaintiffs. *Bell Atlantic Corp.*, 127 S.Ct. at 1965. As such, Count VII should be dismissed.

### III. CONCLUSION

For the reasons stated herein, the Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and (b)(6). Should the Court, however, refuse to dismiss some or all of Plaintiffs' claims, Advance America reserves the right to enforce the Arbitration Provision in the Agreements.

Dated April 30, 2008                    Respectfully submitted,


                                                  BERKOWITZ OLIVER WILLIAMS
                                                SHAW & EISENBRANDT

                                                By: s/ Kurt D. Williams
                                                     Kurt D. Williams  MO BAR # 36957
                                                     Timothy R. West  MO BAR # 52187
                                                     2600 Grand Boulevard, Suite 1200
                                                     Kansas City, Missouri 64108
                                                     Telephone:       816-561-7007
                                                     Facsimile: 816-561-1888
                                                     Email:    kwilliams@bowse-law.com
                                                                      twest@bowse-law.com

                                                SUTHERLAND ASBILL & BRENNAN LLP
                                                Lewis S. Wiener, admitted *pro hac vice*
                                                Phillip Stano, admitted *pro hac vice*
                                                1275 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20004-2415
                                                Telephone:    202-383-0100
                                                Facsimile:     202-637-3593
                                                Email:           lewis.wiener@sablaw.com
                                                                  phillip.stano@sablaw.com

                                                **Attorneys for Defendant Advance America,**
                                                **Cash Advance Centers of Missouri, Inc.**

## CERTIFICATE OF SERVICE

  I hereby certify that on April 30, 2008, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

s/ Kurt D. Williams
Attorney for Defendant Advance America,
Cash Advance Centers of Missouri, Inc.
