IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PATRICIA HOOPER and JOSEPHINE VAUGHAN, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.08-4045-cv-c-NKL |
| v. | ) ) | |
| ADVANCE AMERICA, CASH ADVANCE CENTERS OF MISSOURI, INC., | ) ) ) | |
| Defendant | | |

**SUGGESTIONS IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Dated: May 30, 2008

BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT
Kurt D. Williams     MO BAR # 36957
Timothy R. West     MO BAR # 52187
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:    816-561-7007
Facsimile:    816-561-1888
Email:    kwilliams@bowse-law.com
         twest@bowse-law.com

OTHER COUNSEL:
SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Phillip Stano, admitted *pro hac vice*
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone:    202-383-0100
Facsimile:    202-637-3593
Email:    lewis.wiener@sutherland.com
         phillip.stano@sutherland.com

**Attorneys for Defendant Advance America, Cash Advance Centers of Missouri, Inc.**

## I. INTRODUCTION

Plaintiffs' opposition to the motion to dismiss is based solely on Plaintiffs' contention that the Complaint contains sufficient factual pleading to meet the legal standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Pl. Br. 6. The issue is not whether Plaintiffs have plead sufficient facts, but rather whether the facts actually plead, if assumed true, state a cognizable claim under one of the causes of action asserted in the Complaint. They do not. Plaintiffs' factual allegations fail to support a cause of action under any of the statutory provisions governing payday lending. Plaintiffs' brief fails to displace this conclusion.

## II. DISCUSSION

### A. Plaintiffs Concede that Count I Fails for Lack of Subject Matter Jurisdiction.

Plaintiffs concede the Court lacks subject matter jurisdiction over Count I of the Complaint. Specifically, "Plaintiffs admit that this Court does not have jurisdiction to apply the Missouri act." Pl. Br. 13. Accordingly, Count I must be dismissed pursuant to Rule 12(b)(1).

Nevertheless, Plaintiffs ask the Court to determine whether their allegations "provide for relief under any possible theory." Pl. Br. 13 (citing *Bonner v. Circuit Court of the City of St. Louis*, 526 F.2d. 1331, 1334 (8th Cir. 1975)). "Relief under any possible theory" is no longer a valid standard of review on a motion to dismiss. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). Rather, Plaintiffs must assert facts affirmatively and plausibly, suggesting that the pleader has the right claimed, rather than facts that are merely consistent with such a right. *Id.* Plaintiffs have, at best, alleged in Count I facts consistent with a federal right, but have not alleged any of the jurisdictional, factual or legal predicates to affirmatively suggest a federal right. Accordingly, Count I must be dismissed.

### B. The MMPA Does not Apply to Advance America.

In Count II, Plaintiffs allege violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat § 407.010 *et seq.* Defendant moved to dismiss Count II because the MMPA does not apply to entities, like Advance America, that are licensed by the director of the division of finance. Def. Br. 4-5 (citing Mo. Rev. Stat. § 407.020.2(2)). Plaintiffs argue that the MMPA exclusion is inapplicable because (1) dismissing Count II on the grounds of the MMPA's exclusion requires consideration of "numerous additional facts," which is improper on a motion to dismiss, and (2) the private right of action contained in the state usury statutes supersedes the MMPA exclusion for supervised institutions. Both of Plaintiffs' arguments fail.

#### 1. Advance America's Licensure is the Only Factual Allegation at Issue.

Plaintiffs claim that Advance America's motion to dismiss Count II involves "numerous additional facts" that are improper on a motion to dismiss. Plaintiffs, however, fail to identify <u>any</u> of the alleged "numerous additional facts." Contrary to Plaintiffs' statement, only <u>one</u> factual allegation is necessary for the dismissal of Count II: that Advance America has a license from the director of the division of finance to make loans pursuant to Section 408.500. *See* Def. Br. 5. The factual allegation concerning licensure is taken directly from the various claims for relief under Section 408.500 *et seq.* and the appendices to the Complaint.[1] Even if there were no allegation of Advance America's licensure in the Complaint, that fact is still a matter of public

---

[1] Pursuant to Fed. R. Civ. P. 10(c)) the appendices to the Complaint are part of the pleading, and therefore assumed to be true on a motion to dismiss. *See* Compl. Ex. A-B ("The words 'we,' 'us' and 'our' mean ADVANCE AMERICA, CASH ADVANCE CENTERS OF MISSOURI, INC., **a loan company licensed and operating under Mo. Stat. §408.500 *et seq*….**") (emphasis added).

A list of all licensed lenders is publicly available on the Missouri Division of Finance website. *See* LIST OF ALL LICENSED CONSUMER CREDIT COMPANIES (as of September 30, 2007), http://www.missouri-finance.org/Contribute%20Documents/AllLicensedLocations-907.pdf

record of which the Court may take judicial notice on a Rule12(b)(6) motion to dismiss. *Stahl v. U.S. Dep't of Agric*., 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss").

Beyond the allegation of Advance America's licensure, no other factual allegation is at issue in respect to Count II. The remainder of Defendant's motion to dismiss Count II is based solely upon a plain textual reading of the MMPA, which compels the conclusion that Plaintiffs have failed to state a claim.

The MMPA expressly provides that its terms do not apply to "[a]ny institution or company that is under the direction and supervision of the . . . director of the division of finance. . . ." Mo. Rev. Stat. § 407.020.2(2). The director of the division of finance "supervises" companies through licensing. *Id.* §§ 408.500.9-10. It is undisputed that Advance America has a license from the director of the division of finance. *See* Compl. Ex. A-B. The Court may also take judicial notice of the fact that Advance America is licensed by the director of financial institutions. *Stahl*, 327 F.3d at 700. Accordingly, Advance America, as a licensee of the director of financial institutions, falls within the exclusion of Section 407.020.2(2), and is therefore not subject to the MMPA. Count II must, therefore, be dismissed.

### 2. Missouri Usury Laws Do Not Supersede the MPAA Exclusion

Plaintiffs next argue that the MMPA exclusion for licensed companies is inapplicable because Chapter 408 of the Missouri Statutes (the state usury law) supersedes the exclusion. *See* Pl. Br. 12. This argument is contrived. Plaintiffs merely borrow a separate and unrelated chapter from the Missouri Statutes and argue that, by the mere existence of that separate chapter, the MMPA exclusion has been superseded. Such tortured reasoning should be rejected.

The exclusion to the MPAA provides that

> [n]othing in this section shall apply to…(2) Any institution or company that is under the direction or supervision of the…director of the division of finance, unless the directors of such divisions specifically authorize the attorney general to implement the powers of this chapter or such powers are provided to either the attorney general or a private citizen by statute.

Mo. Rev. Stat §407.020.2(2). No provision of the MMPA provides that the Section 407.020.2(2) exclusion for licensed companies has been superseded to provide for a private right of action. Nor do Plaintiffs cite to any statute superseding the MPAA's exclusion. Instead, Plaintiffs assert that the private right of action legislatively granted to remedy violations of state usury law, standing alone, effectively supersedes an express exclusion in a separate legislative act, thereby granting a private right of action under the MMPA against a company that is not otherwise subject to the MMPA.

There is no support for the proposition that, in the absence of any express statutory language, a private right of action for violation of one state law provides a private right of action for violations of a wholly unrelated state law in a separate chapter of the statutes. The right of action under the state usury laws is for the purposes of enforcing the usury laws. Chapter 408 is not a "catch-all" legislative provision that subjects companies to a private right of action under any and all legislative acts.

Accepting the allegations of the Complaint as true, Advance America is a licensee of the director of the division of finance, and therefore not subject to the MMPA, requiring the dismissal of Count II.

### C.  Plaintiffs Misinterpret Mo. Rev. Stat. § 408.500.6.

Advance America moved to dismiss Count III on the grounds that (1) Section 408.500.6 does not require <u>any</u> minimum number of loan renewals, and therefore the allegation that Advance America limited renewals to less than six fails to state a claim upon which relief can be granted, and (2) Plaintiffs failed to plead damages resulting from Advance America's alleged

failure to offer six renewals.  Def. Br. 5-6.  In response, Plaintiffs again resort to their boilerplate (and inaccurate) statement that Advance America's motion to dismiss involves factual issues that are improperly considered on a motion to dismiss, and that their summary, one-sentence claim in paragraph 90 of the Complaint sufficiently pleads damages for the alleged violation of Section 408.500.6.  Plaintiffs' responses fail to demonstrate why Count III should not be dismissed.

### 1. Advance America's Motion to Dismiss Count III Is a Question of Law

Plaintiffs allege in Count III of the Complaint that Section 408.500.6 requires payday lenders to provide customers with a minimum of six renewals of a loan upon a borrower's request.  Compl. ¶¶ 79-91.  As set forth in the Suggestions is Support, Plaintiffs' allegation that the term "shall renew" in Section 408.500.6 obligates lenders to provide exactly six renewals of a loan upon a borrower's request is neither a common sense nor practical interpretation of the statute.  Def. Br. 5-6 (collecting cases).  Taking Plaintiffs' logic to its logical end, Advance America is obligated to renew a loan exactly six times, even if the customer does not qualify for renewal.  Def. Br. 5-6.  This cannot be the law.  This exercise is not interjecting "improper factual issues" into the motion, or attempting a "mini-trial," but merely demonstrates the unavoidable conclusion that Plaintiffs' interpretation of Section 408.500.6 is inaccurate, and for the reasons stated in Advance America's opening suggestions, should be dismissed.

### 2. Plaintiffs Have Failed to Adequately Plead Loss and Loss Causation

Advance America moved to dismiss Count III because Plaintiffs have failed to allege that they sustained any actual loss due to Advance America's putative failure to offer more than four renewals.  Def. Br. 5-6.  In response, Plaintiffs state only that paragraph 90 of the Complaint, which alleges that "[a]s a direct result of defendant Advance America's violations, Plaintiffs and the class are aggrieved and suffered ascertainable losses," is sufficient.  Pl. Br. 8.  Plaintiffs'

- 5 -
Case 2:08-cv-04045-NKL   Document 19   Filed 05/30/08   Page 6 of 12

response is at odds with the settled law of this Circuit in respect to the pleading of damages, which holds that "[t]he complaint must provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind. Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005)).

Paragraph 90 of the Complaint is nothing more than a general prayer for relief. There is not even a "minimal indication" of the nature of Plaintiffs' losses, if any, due to the alleged failure to renew their loans a fifth and sixth time. Nor is there any minimal allegation as to how the alleged losses, if any, were causally related to the putative failure to renew a loan a fifth or sixth time. In fact, there is no allegation that Plaintiffs even requested more than four loan extensions. Compl. ¶¶ 79-91. Such deficient pleading falls well short of the requirements of Fed. R. Civ. P. 8(a), and on that ground Count III should be dismissed.

### D. Plaintiffs' "Missouri Interest Rate Cap" Claim is Contrived.

Advance America moved to dismiss Count IV on the grounds that, under Section 408.505.3, lenders may charge interest at any rate agreed upon by the parties, provided, however, that the total amount of interest and fees does not exceed 75% of the original loan amount. Def. Br. 7. Because Plaintiffs have not alleged that the total amount of interest and fees of their respective loans exceeded 75% of the original loan amount, the claim must be dismissed.

In response, Plaintiffs assert that Sections 408.500.6 (authorizing loan renewals) and 408.505.3 (restricting fees and interest to 75% of the original loan amount), when considered in

tandem, somehow create a "*de facto* interest rate cap" on payday loans.[2] A plain reading of the Missouri statutes contradicts Plaintiffs' claim to any *de facto* interest rate cap. Section 408.500.2 expressly provides that payday lenders "shall contract for and receive simple interest and fees in accordance with sections 408.100 and 408.140." In turn, Section 408.100 provides that "[o]n any loan subject to this section, any person, firm, or corporation may charge, contract for and receive interest on the unpaid principal balance at rates agreed to by the parties." Neither statute provides a maximum interest rate that may be charged on payday loans. In fact, Section 408.100 expressly provides that any interest rate may be charged, provided that the total amount of interest and fees does not exceed 75% of the original loan amount. Mo. Rev. Stat. §408.505.3. Accordingly, Plaintiffs' allegation that Advance America "set the interest rate too high" is meaningless, and fails to state a claim. Compl. ¶96-97. Since there in no allegation that the total amount of interest and fees of Plaintiffs' respective loans exceeded 75% of the original loan amount, Count IV must be dismissed.

### E. Plaintiffs Mischaracterize New Loans as Renewals.

In Count V, Plaintiffs allege that Advance America violated Mo. Rev. Stat. § 408.500.6 by "renewing" Plaintiffs' loans without reducing the principal balance of the loan as required by Missouri statute. Compl. ¶¶ 104-06. Specifically, Plaintiffs allege that renewals took place when Plaintiffs entered the store and paid the entirety of the loan, including interest, but thereafter took out a new loan. *Id.* ¶ 106. Advance America moved to dismiss on the grounds

---

[2] This claim simply begs the question: what, then, is the *de facto* interest rate cap? Of course, there is no allegation in the Complaint answering this question. The reason is simple: one cannot mathematically take six renewals and a 75% total cost cap to generate an annual interest rate, let alone a single rate separated out from fees and other expenses. To the contrary, one must know the actual interest rate and fees charged before the total cost as a percentage of the total loan amount can be calculated. Plaintiffs' attempt to reverse engineer a hypothetical interest rate cap is simply an unsound mathematical premise.

that the allegations of the Complaint, if accepted as true, fail to state a claim, since the plain language of section 408.505 allows this practice.

Plaintiffs only response to Advance America's motion to dismiss Count V is that "Plaintiffs have plead ample facts to establish their claim that Defendant broke the 5% rule and thereby caused them financial damage." Pl. Br. 9. This response misses the point. The issue is not whether the Complaint has plead "ample" or "particularized facts;" rather, the issue is whether the facts that are alleged, if assumed to be true, plead a cognizable violation of Section 408.500.6. They do not.

Plaintiffs allege that "Defendant accepted payment from Plaintiffs and Class Member [sic] large enough to cover the loan balance and interest, but kept only the interest and returned the entire principal amount to Plaintiffs and Class as a "new loan." Compl. ¶ 106. These facts, if assumed to be true, do not state a violation of Section 408.505.4, which provides that "[a] loan made pursuant to the provisions of section 408.500 and this section shall be deemed completed and **shall not be considered a renewed loan when the lender presents the instrument for payment or the payee redeems the instrument by paying the full amount of the instrument to the lender**." Mo. Rev. Stat. § 408.505.4 (emphasis added). In this regard, Plaintiffs confuse the distinction between a "new loan," in which a first loan is paid in full in cash and a second loan issued, and a "renewed" loan, in which a first loan is paid with the proceeds of the second loan. Only in the case of the "renewed loan" is the 5% reduction applicable. Plaintiffs do not allege that the loans at issue in the Complaint were paid with the proceeds of the a prior loan, but were, in fact, paid in full in cash prior to the second loan being issued. Accordingly, the facts alleged in the Complaint fail to state a violation of Section 408.500.6, and therefore Count V must be dismissed.

- 8 -
Case 2:08-cv-04045-NKL   Document 19   Filed 05/30/08   Page 9 of 12

### F. Plaintiffs Have not Shown That Advance America Failed to Consider Their Ability to Repay the Loans.

Advance America moved to dismiss Count VI on the grounds that Plaintiffs have not plead facts, but merely stated legal conclusions, and that the appendices to the Complaint contradict those legal conclusions. Def. Br. 8-9. In response, Plaintiffs again claim only that Advance America's arguments based on the contents of the Complaint's appendices involve a factual determination that is improper on a motion to dismiss. Plaintiffs' claim is disingenuous. Plaintiffs cannot append documents to their Complaint to support their claims, and then later argue that the same documents should not be considered on a motion to dismiss.

The "facts" that Plaintiffs allege to be improperly considered on a motion to dismiss, namely, that Advance America ascertained that Plaintiffs had legitimate, open and active accounts before extending the loans at issue, are taken directly from the appendices to the Complaint, which is part of Plaintiffs' pleading. Def. Br. 8-10. These "facts" are assumed to be true on a motion to dismiss. Fed. R. Civ. P. 12(b)(6). Where, as here, the contents of the appended written instruments contradict the allegations in the Complaint, the exhibit contents govern. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998). In this instance, the Complaint's appendices state that Advance America <u>did</u> consider the Plaintiffs' ability to repay the loans, and as such the conflicting allegation paragraph 115 in the Complaint (that Advance America failed to make any such consideration) gives way. Def. Br. 8-9. Because the sole factual averment of Plaintiffs' pleading is that Advance America did ascertain Plaintiffs' ability to repay, Plaintiffs have not stated a claim under Section 508.500.7.

In an attempt to salvage its claim, Plaintiffs allege that, even if Advance America did undertake some steps to determine Plaintiffs' ability to repay the loans, such steps were not

sufficient. Pl. Br. 10 ("That a customer has a checking account doesn't prove creditworthiness"). This is just a bald conclusion without merit. The only allegation in respect to Count VI is that Advance America "failed to obtained [sic] documents allowing Defendant to evaluate the Plaintiffs' or Class Members' ability to repay the renewed loans." Compl. ¶115. The documents appended to the Complaint disprove this statement.[3]

### G. Plaintiffs Have not Plead Sufficient Facts to Show that the 75% Total Interest Cap was Exceeded.

In Count VII of the Complaint, Plaintiffs allege that Advance America violated Mo. Rev. Stat. § 408.505.3 when it charged "Plaintiffs and Class over seventy-five percent in interest and fees, based on their initial loan amounts." Compl. ¶ 122. As noted in Count IV, above, Plaintiffs do not allege that the total amount of interest and fees of Plaintiffs' respective loans exceeded 75% of the original loan amount. Accordingly, Count VIII must be dismissed.

**CONCLUSION**

For the reasons stated herein, the Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and (b)(6). Should the Court, however, refuse to dismiss some or all of Plaintiffs' claims, Advance America reserves the right to enforce the Arbitration Provision in the Agreements.

---

[3] If Plaintiffs now claim that Advance America's steps were insufficient, then they have failed to allege any of the predicate facts sufficient apprise Defendants of the nature of the claim against it, specifically, facts concerning which documents or information Advance America had a duty to gather but failed to do so. As plead, there is no bounds as to what documents or information Plaintiff may base Count VI upon. This form of pleading was expressly rejected by the Supreme Court, which noted that conclusory statements of claim should not survive a motion where the pleadings leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 127 S.Ct. at 1968. Plaintiffs' averment that Advance America's steps to determine whether Plaintiffs' could repay their loan were insufficient cannot save Count VI, since such an averment is wholly without a factual basis.

Dated: May 30, 2008	Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT

By: s/ Kurt D. Williams
Kurt D. Williams	MO BAR # 36957
Timothy R. West	MO BAR # 52187
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:	816-561-7007
Facsimile:	816-561-1888
Email:	kwilliams@bowse-law.com
	twest@bowse-law.com

OTHER COUNSEL:
SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Phillip Stano, admitted *pro hac vice*
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone:	202-383-0100
Facsimile:	202-637-3593
Email:	lewis.wiener@sablaw.com
	phillip.stano@sablaw.com

**Attorneys for Defendant Advance America,
Cash Advance Centers of Missouri, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Kurt D. Williams
Attorney for Defendant Advance America,
Cash Advance Centers of Missouri, Inc.