IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PATRICIA HOOPER and <br> JOSEPHINE VAUGHAN | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. 2:08-cv-04045-NKL |
| ADVANCE AMERICA, CASH <br> ADVANCE CENTERS OF <br> MISSOURI, INC., | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

**ORDER**

Plaintiffs Patricia Hooper and Josephine Vaughan (collectively, "Plaintiffs") bring this putative class action against Defendant Advance America, Cash Advance Centers of Missouri, Inc. ("Advance"), challenging the legality of payday loans that Advance gave Plaintiffs. Before the Court is Advance's Motion to Stay Litigation and Compel Arbitration [Doc. # 24 ]. For the following reasons, the Court denies Advance's motion.

**I.     Background**

Plaintiffs filed their original Complaint on March 10, 2008. In that Complaint, Plaintiffs set forth the following claims: Count I sought a declaratory judgment that the arbitration clauses contained in Plaintiff's respective payday loan agreements ("Agreements") are unconscionable, against public policy, and unenforceable; Count II alleged violations of the Missouri Merchandising Practices Act ("MPA"); Counts III, IV, V, VI and VII alleged various violations of Missouri's payday loan statute.

1

Attached to the Complaint are two contracts which Plaintiffs allege were their Agreements. Each Agreement contains an arbitration provision which states that arbitration is the only remedy outside of small claims court for disputes between Plaintiffs and Advance ("Arbitration Provision").[1]

---

[1] Specifically, the Arbitration Provision states:
**WAIVER OF JURY TRIAL AND ARBITRATION PROVISION.** Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and have jury trial to resolve their disputes; (b) agree, instead, to submit disputes to a neutral third person (an "arbitrator") for a decision. . . . The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision. **THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:**
1. For purposes of this Waiver of Jury Trial and Arbitration Provision (hereinafter "the Arbitration Provision"), the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity or scope of this Arbitration Provision and any claim or attempt to set aside this arbitration provision; (b) all federal or state law claims, disputes, or controversies, arising from or relating directly or indirectly to this Loan Agreement (including the Arbitration Provision), the information you gave us before entering into this Loan Agreement, including the Applicant/Personal Information Form, and/or any past agreement or agreements between you and us; (c) all counterclaims, cross-claims and third-party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional tort; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us; (g) all claims asserted by you individually against us and/or any of our employees, agents, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities (hereinafter collectively referred to as "related third parties), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by you as a private attorney general, as a representative and member of a class of persons, or in any other representative capacity, against us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by us or related third parties of any non-public personal information about you.
2. You acknowledge and agree that by entering into this Arbitration Provision:
**(a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

2

Advance moved to dismiss. Advance's motion to dismiss raised arguments as to every count of the Complaint. Advance sought to dismiss Count I for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Advance moved to dismiss the remaining counts on the merits under Rule 12(b)(6). In its argument on Count II (concerning the MPA), Advance raised an argument in the nature of an affirmative defense, requesting the Court to take judicial notice that Advance is regulated by the Missouri Division of Finance ("MDF"); Advance argued that it was not subject to the MPA because it is regulated by MDF.

Advance briefly noted the arbitration provision in its motion to dismiss. The conclusion to its suggestions in support states, "Should the Court, however, refuse to dismiss some or all of Plaintiffs' claims, Advance America reserves the right to enforce the Arbitration Provision in the Agreements." [Advance Mot. Dismiss, Doc. # 11.]

---

**(b) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and
(c) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**
(emphasis in original). Plaintiffs signed their respective Agreements. Above the signature line, the Agreements provide in relevant part: "**You further acknowledge that you have read, understand, and agree to all of the terms on both sides of this Loan Agreement, including the provision on the other side of this Loan Agreement entitled "Waiver of Jury Trial and Arbitration Provision**." (emphasis in original).

3

In their response to Advance's motion to dismiss, Plaintiffs objected to any attempt by Advance to arbitrate after bringing a motion to dismiss on substantive grounds. Plaintiffs also sought leave to amend their Complaint.

The Court granted Advance's motion to dismiss in part and denied it in part. [*See* Doc. # 22.] After considering all of Advance's arguments, the Court dismissed two of the counts: the Court found that Plaintiffs had not named the proper statute granting subject matter jurisdiction over Count I; the Court found that Count VII was either duplicative or inadequate to put Advance on notice of the claim asserted in that count. The Court denied Advance's motion to dismiss as to the remaining counts. The Court granted Plaintiffs' motion to amend their complaint.

On July 21, 2008, Plaintiffs filed their Amended Complaint, apparently restating their claims in light of the Court's order.

**II.   Discussion**

On August 1, 2008, Advance filed the instant Motion to Stay Litigation and Compel Arbitration. In addition to arguing that the Arbitration Clause is unconscionable and against public policy, Plaintiffs respond that Advance waived its right to arbitration.

At the threshold of analyzing Advance's motion, the Court must consider whether Advance waived its right to arbitration. The Court considers the parties' arguments against the backdrop of the strong federal policy in favor of arbitration, which requires that "any doubts concerning waiver of arbitrability should be resolved in favor of

arbitration." *See Ritzel Commc'ns v. Mid-American Cellular Tel. Co.*, 989 F.2d 966, 968-69 (8th Cir. 1993). "[W]aiver depends on the circumstance of each case." *Id.* at 970.

Courts within the Eighth Circuit find waiver of arbitrability where the party seeking arbitration: "(1) knew of its existing right to arbitrate; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions." *Dumont v. Saskatchewan Gov't Ins. (SGI)*, 258 F.3d 880, 886 (8th Cir. 2001). The Court considers these factors in turn.

First, the parties do not dispute that Advance knew of an existing right to arbitrate. The Arbitration Provision was included in the Agreements attached to the Complaint. Advance noted the provision in its motion to dismiss.

Second, Advance contends that it did not act in a manner inconsistent with its right to arbitrate. A party acts inconsistently with a right to arbitrate if it "substantially invokes the litigation machinery before asserting its arbitration right by failing to request a stay and fully adjudicating its rights." *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003) (citation and internal quotation marks omitted). "To safeguard its right to arbitration, a party must do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Lewallen v. Green Tree Serv'g, L.L.C.*, 487 F.3d 1085, 1901 (8th Cir. 2007) (citation and internal quotation marks omitted). A motion to dismiss on jurisdictional grounds does not substantially invoke litigation machinery such that it waives arbitration. *See Dumont*, 258 F.3d at 886-87 (8th Cir. 2001) (finding defendant did not waive arbitration by seeking

5

early dismissal on jurisdictional and quasi-jurisdictional – i.e., *forum non conveniens* – grounds, rather than on merits).

However, an extensive motion to dismiss on the merits is inconsistent with a right to arbitrate. *See Ritzel Commc'ns, Inc. v. Mid-American Cellular Tel. Co.*, 989 F.2d 966, 969 (8th Cir. 1993). In *Ritzel*, the cross-claim defendant filed a motion to dismiss; less than six weeks later, the cross-claim defendant filed its motion to compel arbitration. *Id.* In its motion to dismiss, the cross-claim defendant argued: (1) it was not a proper party, (2) failure to join necessary parties, and (3) failure to state a claim in one count of the multi-count complaint. *Id.* The Eighth Circuit commented:

> Thus, before asserting the intent to arbitrate . . . , the [cross-claim defendant] submitted the dispute to the court for resolution by . . . court order. . . .
> The motion for dismissal represents a substantial, active invocation of the litigation process. With this motion [to dismiss] the [cross-claim defendant] initiated steps in the litigation and required responsive action by [the cross-claim plaintiff] rather than immediately demanding arbitration.

*Id.* (finding waiver based on motion to dismiss as well as cross-claim defendant's alternative request for separate trial and subsequent litigation pending appeal of arbitration issue). Considering cases from other circuits, the *Ritzel* court noted that the cross-claim defendant's motion on the merits was akin to waiver cases in which parties delayed for many months and filed motions to dismiss as well as summary judgment. *Id.* at 970. *See also Kahn v. Parsons Global Servs.*, Ltd., 521 F.3d 421, 425-26 (D.C. Cir. 2008) (finding defendant waived arbitration by submitting early summary judgment motion addressing merits).

Advance's motion to dismiss substantially invoked litigation machinery before Advance moved to compel arbitration. Advance offers no explanation for failing to move to compel arbitration before filing its motion to dismiss on the merits. Advance's motion to dismiss encouraged the Court to resolve every count in the Complaint in favor of Advance; with the exception of Count I, Advance encouraged resolution of each count in its favor on the merits. As to Count II, Advance even raised an affirmative-defense like argument, asking the Court to go beyond the pleadings and find both that it is regulated by MDF and that it is not subject to MPA claims. Advance's motion was inconsistent with its right to arbitrate.[2]

Third, Advance argues that Plaintiffs were not prejudiced by any actions inconsistent with its right to arbitrate. The Eighth Circuit has stated that "prejudice results when, *inter alia*, parties use discovery not available in arbitration, *when they*

---

[2] Advance argues that it had no choice but to move to dismiss Count I of the Complaint, which seeks a declaratory judgment that the Arbitration Provision is unconscionable and against public policy. According to Advance, "there is no way that Advance . . . could have been sure of its existing right to arbitration until the Court either dismissed or otherwise resolved Count I." [Sugg. Reply Mot. Stay Lit. & Compel Arbitration, Doc. # 27.] Further, Advance asserts that its motion to dismiss Count I was purely jurisdictional and, thus, did not waive arbitration. Parties may bring non-arbitrable issues before the Court without waiving arbitration. *See Doctor's Assoc., Inc. v. Distajo*, 107 F.3d 126, 132 n. 11 (2d Cir. 1997), cert. denied, 522 U.S. 948 (1997). Assuming that Count I was not arbitrable as argued by Advance (though the Court does not decide this issue), Advance would not have waived arbitration by simply filing a motion to dismiss with regard to Count I.
     However, Advance makes no argument that the remaining claims were not arbitrable. Advance could have filed a motion to dismiss Count I and a simultaneous motion to stay and compel arbitration. *See*, *e.g.*, *Ritzel*, 989 F.2d at 969 (distinguishing *Sibley v. Tandy Corp.*, 543 F.2d 540 (5th Cir. 1976), which found no waiver where defendant filed motion to stay simultaneously with answer); *Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989) (finding no waiver where motion to stay was filed simultaneously with answer). Instead, Advance moved the Court to resolve the remaining claims – in its favor – on their merits.

7

*litigate substantial issues on the merits*, or *when compelling arbitration would require a duplication of efforts*." *Kelly*, 352 F.3d at 349 (emphasis added) (finding arbitration waiver where plaintiff consistently encouraged the district court to resolve the entire dispute, and did not move to compel arbitration until the district court had ruled against him on his motions on the merits). Prejudice may result from litigation of issues which will likely be re-argued at arbitration. *See Lewallen*, 487 F.3d at 1093 (noting that plaintiff would likely incur duplicative expenses if forced to arbitrate issues already presented to the court).

Advance delayed over four-and-a-half months before filing its motion to compel arbitration. During that time, Advance filed its substantive motion to dismiss, raising numerous legal arguments – one in the nature of an affirmative defense – and addressing every count in the Complaint. The parties fully-briefed that motion to dismiss. The Court issued an order. Plaintiffs relied on the Court's order in drafting their Amended Complaint. Having failed to secure a ruling in its favor in litigation, Advance now seeks to take Plaintiffs to arbitration, presumably to reargue the same issues raised on Advance's motion to dismiss. This prejudices Plaintiffs.

Advance's motion to compel arbitration represents an attempt to take a proverbial second bite at the apple. "An arbitration provision gives parties the choice of an alternative, nonjudicial forum to resolve their disputes, but it does not go so far as to allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums." *Lewallen*, 487 F.3d at 1093 (citation and internal quotation marks

omitted).  If Advance had prevailed on its motion to dismiss and Plaintiffs now sought arbitration, would Advance not object to moving to an arbitration forum for reconsideration?  Not only would such reconsideration prejudice the parties, it would prejudice the legal system.  Parties must not be allowed to call upon Court resources to resolve substantive issues then, dissatisfied with the Court's resolution, reopen the same issues before an arbitrator.  This would place the Court in the inefficient and inappropriate position of issuing merely advisory opinions.  Advance's course of action demonstrates that it is forum shopping:  Advance filed its motion to compel arbitration only after the Court refused Advance's motion to resolve the entire dispute primarily on the merits.[3]  Advance waived its right to arbitrate.

---

[3] Because the Court finds that Advance waived arbitration, the Court does not reach the parties' arguments concerning unconscionability of the arbitration provision.  However, the Court is aware of recent Eighth Circuit case law concerning the issue, as well as analogous case law from other circuits.  *See, e.g., Pleasants v. American Express Co.*, — F.3d —,  No. 07-3235, 2008 WL 4133390 (8th Cir. Sept. 9, 2008) (finding, under Missouri law, that class-action waiver in arbitration clause was not unconscionable in Truth in Lending Act case); *Jenkins v. First American Cash Advance of Ga.*, 143 Fed. Appx. 311 (11th Cir. 2005), *cert. denied*, 546 U.S. 1214 (2006) (finding that class-action waiver in payday loan arbitration clause was not unconscionable and leaving for arbitration issues of whether agreements were unconscionable by virtue of being contracts of adhesion).

9

Case 2:08-cv-04045-NKL     Document 30      Filed 09/22/08    Page 9 of 10

### III. Conclusion

Accordingly, it is hereby

ORDERED that Advance's Motion to Stay Litigation and Compel Arbitration [Doc. # 24] is denied.


Dated: <u>September 22, 2008</u>                                     <u>s/ Nanette K. Laughrey</u>
Jefferson City, Missouri                                        NANETTE K. LAUGHREY
                                                                          United States District Judge